Pearson, J.
 

 The lessor derived title under Allen Chaney, who was the son of one of the heirs at law of Henry Chaney, and the question is, was there evidence to be left to p. jury of such a possession on the part of Henry Chaney, as would raise the presumption of a grant ? One Helms swore that “ Henry Chaney had possession of the land for thirty or thirty-one years before his death, and cleared and cultivated a field on it; that Chancy bought the entry of Blount, who had the land for soma years before.” Helms was then examined by the defendant’s counsel as to what kind of a possession Henry Chaney had of Said land ? He replied “ that Chaney cleared a field on it, and wore it out, but had never built on the land.” This witness was tfhen asked if he knew the boundaries of the land ? He said he did not know all the boundaries; he only knew two lines adjoining his tract; that he never saw any other lines until four years ago, after the death of Henry Chaney, and after the commencement of this suit. Lines were then pointed out to him as the lines of the tract, but by whom made, or when made, not known.”
 

 The Court remarked to the plaintiff’s counsel that “ taking all that Helms stated to be true, it did not make out such a claim and possession for thirty years, under known and visible boundaries, by Henry Chaney, or by Blount and Chaney, as would in law raise the presumption of a grant to Henry Chaney.” The'plaintiff submitted to a nonsuit and appealed.
 

 The presumption of a grant may be raised in two modes, e. i.,
 
 *519
 

 under the act of
 
 1791, by a continual possession for twenty-one years, with color of title, under known and visible boundaries ; likewise at common law, by a possession of thirty years, Reid v. Earnhart, 10 Ired. Rep. 516. “ The presumption of a grant from long possession, is not based upon the idea that one actually issued, but because public policy and the quieting of titles make it necessary to act upon that presumption. It is the duty of the Court to instruct the jury, when land has been for a long time treated and enjoyed as private property, to presume that the State has parted with its title.” “A grant is to be presumed from long possession, not because the jury believe, as a fact, that one issued, but because there is no proof that one did not issue.”
 

 His Honor seems to have fallen into error by confounding these two modes. Put the act of 1791 out of consideration, then the question of “ color of title,” and “knownand.visible boundaries” do not complicate the case; and so far as the
 
 field
 
 is concerned, (which is enough to enable the plaintiff to recover) the question is narrowed to this: was there evidence from which the jury might infer a possession of thirty years by Henry Chaney ? Upon his examination in chief, Helms swore “ Chaney had possession of the land for thirty or thirty-one years, and cleared and cultivated a field on it.” This is direct testimony of the fact; is it explained away, so as to amount to nothing, by his saying on cross examination “ that Chaney cleared a field on it, and wore it out, but never lived on it?” We suppose that the lat er circumstances could have had no effect, for certainly a man can have thirty years possession of land without living on it, if he kept it in cultivation during that time; and in regard to wearing out the field, it was for the jury to say whether he intended to be understood as explaining away what he had said about thirty years’ possession; there is no legal presumption that a field must, of necessity, be worn out and its possession abandoned within a less time than thirty years. So this explanation was not, of necessity, inconsistent with his direct testimony as to the possession for thirty or thirty-one years.
 

 Judgment reversed, and a
 
 venire de novo.